T. Paul Kane, J.
Petitioner Niagara Frontier Milk Distributors Bargaining Agency, Inc. (hereinafter known as “ Distributors ”) represents a number of milk distributors operating under the provisions of the Niagara Frontier Milk Marketing Order, hereinafter known as Official Order No. 127 (1 NYCRR Part 21). This Order No. 127 regulates the handling of milk in Niagara County, most of Erie County and parts of Orleans County. On May 25, 1966, it was amended, effective June 1, 1966, to provide, in part, that the price for Class I milk for the months of June through December, 1966 be the higher of $6.20 per hundredweight, or the Class I-A price established for the New York-New Jersey Milk Marketing Area, revised Official Order No. 126 (1 NYCRR Part 20), subject to some adjustments. The foundation for this amendment was established at a hearing held by the respondent Commissioner pursuant to the provisions of section 258-m of the Agriculture and Markets Law.
The present application is to have this court declare the action of the respondent Commissioner null and void upon the grounds that the basis for the amended order is such that it results in an unconstitutional delegation of administrative powers. The application is also pursuant to an order to show cause that directs any payments required by the amended order be made payable to an escrow account pending the determination of this motion.
A motion to intervene has been made by Niagara Frontier Cooperative Milk Producers Bargaining Agency, Inc., and the same is granted upon the grounds that the movant has a substantial interest in the matter.
The thrust of petitioner’s argument is that the formula proposed in associating the payments to be made under order No. 127 to Order No. 126 in effect unlawfully vests price-fixing powers given the respondent Commissioner under article 21 of *887 the Agriculture and Markets Law in the Secretary of Agriculture of the United States.
The prohibition against the delegation of legislative power by an administrative agency is of course found in our Constitution (N. Y. Const., art. III, § 1). In considering this question of alleged unconstitutional delegation, the problem arises as to what is legislatively prohibited and what is administrative ‘ ‘ housekeeping ’ ’. The distinction in another form is found in Bradley v. Casey (415 Ill. 576), one of the cases cited by petitioner. This matter involved the establishment of a minimum wage under the State’s Prevailing Wage Act by referring its base to the wage rates in other localities. This procedure was attacked as an unconstitutional delegation of power, among other things, and ultimately held to be invalid as fixing the standard rather than finding or ascertaining an existing fact. The court crystallized the distinction referred to by saying (p. 583): “This proposition again turns on the point as to
whether there is a finding, ascertaining and determining of a condition that already exists with sufficient notoriety as to be generally known in a certain community, or whether it is the grant of power to declare or fix or create the condition in the first instance ”. In the case at bar the formula in question merely relates to the ultimate determination of a price in Order No. 126 which in turn is the economic factor that establishes the variable in Order No. 127. The multitude of factors, economic and otherwise, that make up the final determination in Order No. 126 is certainly the ascertaining of an existing fact within the meaning of acceptable principles of administrative law.
State Board of Dry Cleaners v. Thrift-D-Lux Cleaners (40 Cal. 2d 436, 447) does not sustain petitioner’s contention, since the determination therein distinguished the California statute fixing prices in the dry-cleaning industry with Nebbia v. New York (291 U. S. 502), saying: “ The effect of the statute here involved is to protect the industry only — -a small segment of the general public ’ ’. Although the court spoke of the ‘ ‘ public good” and industries “affected Avith a public interest”, the issue at hand is of a substantially different nature.
Section 258-m of the Agriculture and Markets LaAV is the statutory vehicle that paves the Avay for the action taken by the Commissioner in this proceeding. Respondent’s ansAvering affidavit points out the extreme flexibility in price orders over a long period of time as Avell as the economic factors as their foundation. This court is not persuaded that Order No. 126, although generally spoken of as a Federal Order, is not in truth *888 another and sound, economic factor upon which Commissioner may rely in the formulating of his regulating plan. Respondent’s action, taken after a hearing, is not arbitrary or capricious, but is in accordance with widely accepted practices and within constitutional limitations.
Accordingly, the action of the Commissioner in respect to the amendment to subdivision (a) of section 21.25, Official Order No. 127, as directed in the determination dated May 25, 1966, is hereby confirmed as valid and subsisting administrative determination; the order to show cause of June 28, 1966 insofar as it directs Commissioner to hold moneys in question in a separate escrow account is vacated; and it is hereby directed that all funds held in escrow pursuant to said order lie distributed through the producer settlement fund of the Niagara Frontier Milk Marketing Order to the producers entitled thereto. Let judgment upon the affirmative defenses of respondent be entered in accordance herewith, without costs.