◾ In the Matter of NIAGARA FRONTIER MILK DISTRIBUTORS BARGAINING AGENCY, INC., Appellant, v. DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.— AULISI, J. In this article 78 proceeding, the petitioner appeals from a judgment confirming respondent's order amending the Milk Marketing Order relating to the pricing of Class I milk in the Niagara Frontier Market and an order in effect during the pendency of the proceeding directing the Commissioner to hold the money in question in escrow. Upon petition by respondent, the milk producers, the Commissioner held hearings concerning milk price regulation under the order for the Niagara Frontier Milk Marketing Area (Official Order No. 127; 1 NYCRR Part 21). As a result of these hearings the Commissioner made extensive findings and conclusions which show that a large percentage of producers in the Niagara area can deliver their milk to the adjacent New York-New Jersey marketing area; that prices in that nearby area rose above the Niagara prices in January and February, 1966; that during March, 1966 the New York-New Jersey prices increased twice; and that because of the higher prices being paid in this adjacent area, Niagara Frontier farmers were likely to withdraw milk from that area and sell it in the New York-New Jersey area. In addition, it is found in an affidavit made by the Director of the Division of Milk Control, Department of Agriculture and Markets, that the number of farmers producing

milk for the Niagara Frontier Market has declined 19% from December, 1964 to May, 1966. Based upon his findings and conclusions the Commissioner promulgated an amendment to subdivision a of section 21.25 of Official Order No. 127, changing the price of Class I milk in the Niagara area to $6.20, or the Class I-A price as announced for the order regulating the New York-New Jersey Milk Marketing Area (subject to an adjustment not here relevant), whichever was higher. This change in Official Order No. 127 was to run from June through December, 1966. In effect, the Commissioner has assured competitive prices in the Niagara Frontier Market by tieing these prices to those being paid in the New York-New Jersey Market. Prices are set in the New York-New Jersey Market upon order of the United States Secretary of Agriculture and jointly complied with and administered by respondent Commissioner. Petitioner, the milk distributors, attack the order as an unconstitutional delegation of power and contend that the order delegates to the Secertary of Agriculture the task of ordering prices for the Niagara Frontier Market. Special Term ruled in favor of the Commissioner holding that the New York-New Jersey price is an economic factor properly to be considered by the Commissioner in his regulation of prices in the subject area. Although a delegation to the Secretary of Agriculture of the job of fixing prices in the Niagara Frontier Market would be null and void, it is clear that this is not the case here where no such power has been delegated. Respondent Commissioner formulated the prices for the Niagara Frontier based upon facts gathered by him relevant to that area. While he has found the New York-New Jersey Market prices to be a major economic factor affecting the Niagara Frontier Market, and has used those prices as the basis for his formula, he in no way has abandoned his authority to issue Milk Marketing Orders in this area to the Secretary of Agriculture. As the Commissioner points out, it is the effect of the Secretary's actions in the adjacent area which alter market conditions in the subject area. Upon unchallenged findings the Commissioner has determined that the effect of the higher price in the New York-New Jersey area will be adverse to the subject area and depress the flow of milk into this area. He has remedied this situation in an expeditious manner which, in our view, is not subject to attack on the grounds urged by petitioner. The fact that an element in the formula is a product of foreign administrative regulation does not change its importance as an economic factor or make it any different than any other economic factor which would normally influence a milk pricing formula (see *People* v. *Fire Assn. of Philadelphia*, 92 N. Y. 311, affd. 119 U. S. 110). Petitioner's argument that it somehow is forever barred from further public hearings on Niagara Frontier Milk Marketing Orders is without merit in view of the fact that under subdivision 2 of section 258-m of the Agriculture and Markets Law, future petitions may be submitted and because the Commissioner retains continuing power to amend the order at the end of any month when he encounters changed conditions (Agriculture and Markets Law, § 258-m, subd. 1). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur with Aulisi, J. [51 Misc 2d 885.]